# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GOLDMAN,<br><br>                            Plaintiff,<br><br>  v.<br><br>U.S. TRANSPORT & LOGISTICS, LLC,<br><br>                            Defendant. | Case No. 16-cv-2930-BAS(NLS)<br><br>**ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

On October 25, 2016, Plaintiff Joshua Goldman commenced this employment dispute against Defendant U.S. Transport & Logistics, LLC in the San Diego Superior Court. On December 1, 2016, Defendant removed this action to federal court pursuant to 28 U.S.C. §§ 1441(b).

For the following reasons, the Court finds Defendant's Notice of Removal is deficient and **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction.

//

## I. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

//
//
//

## II. ANALYSIS

In order to invoke this Court's diversity jurisdiction, the defendant must demonstrate that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). In cases in which the plaintiff's state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Defendant fails to satisfy that requirement. *See* 42 U.S.C. § 1332.

Here, Plaintiff's four-page complaint does not include any valuation of the amount in controversy. The relief sought only states unspecified damages "according to proof at trial" and "pursuant to Labor Code § 970." Despite Defendant's allegation in the six-paragraph notice of removal that Plaintiff "has placed more than $75,000 in controversy in his complaint," there are no facts provided by Defendant to justify that conclusion. (*See* Removal Notice ¶¶ 2, 4.) Defendant merely bases this conclusion on allegations in the complaint by reciting certain facts Plaintiff has already alleged.[1] (*See id.* ¶ 4.) These facts identified, such as liability for "property loss," fail to provide the Court with any guidance as to the amount in controversy.

Upon reviewing the complaint, the removal notice, and the LeBeouf Declaration, the Court cannot conclude that the amount in controversy in this action more likely than not exceeds the jurisdictional threshold of $75,000. *See Sanchez*,

---

[1] Paragraph 4 of the removal notice cites to Paragraph 6 of the six-paragraph LeBeouf Declaration. At first glance, this appears to be evidentiary support, but examining the declaration more closely, Paragraph 6 of the LeBeouf Declaration wholly relies on the complaint.

203 F.3d at 404.

### III. CONCLUSION & ORDER

In light of the policy "constru[ing] the removal statute against removal jurisdiction," and because Defendant fails to provide facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332(a), the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Gaus*, 980 F.2d at 566.

**IT IS SO ORDERED.**

DATED:  December 8, 2016

Hon. Cynthia Bashant
United States District Judge